IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GUILLERMO RUIZ,

    Plaintiff

    v.                                   CIVIL NO. 3:CV-14-2459

UNITED STATES OF AMERICA,     (Judge Conaboy)

    Defendant

FILED SCRANTON
MAR 23 2016
PER _____
DEPUTY CLERK

### MEMORANDUM
### Background

Guillermo Ruiz (Plaintiff), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), initiated this pro se action pursuant to the Federal Tort Claims Act (FTCA). Named as sole Defendant is the United States of America. The Defendant has filed a motion to dismiss and motion for summary judgment which is ripe for consideration. See Doc. 10.

Plaintiff states that on or about June 28, 2012 while he was confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) Counselor Matt Edinger in conspiracy with Lieutenant Ordones had him removed from his cell in retaliation for refusing to "volunteer to accept a radical gang member" as a cell mate. Doc. 1, ¶ 7.

1

Following the arrival of a special response team, Ruiz was removed from his cell without incident and allegedly placed in unnecessary ambulatory restraints which were applied too tightly for a period of 48 hours.[1] According to the Complaint, since Plaintiff obeyed orders and did not resist placement in handcuffs there was no legitimate need for the use of ambulatory restraints and their use was wholly punitive.

Due to the tightness of the restraints, Plaintiff purportedly suffered ankle and wrist lacerations, chest pain, had difficulty breathing, and fainted. Despite those difficulties and his history of high blood pressure, Ruiz claims that he was denied medical treatment.[2] He also asserts that he was denied adequate food and water while in restraints. Finally, upon his release from the restraints, prison officials allegedly placed Ruiz at risk of harm by forcing him to accept an HIV positive inmate as his cell mate despite the fact that he still had open wounds.

## Discussion

### Motion to Dismiss

Defendant's pending dispositive motion is supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

---

1. According to the Defendant, Plaintiff was only in ambulatory restraints for approximately 21 hours. Short term placement in ambulatory restraints approximate to the pending factual circumstances does not rise to a constitutional violation. See Holley v. Johnson, 2010 WL 2640328 (W.D. Va. June 30, 2010); Barker v. Goodrich, 2010 WL 55719 *5 (S.D. Ohio Jan. 4, 2010).

2. Plaintiff also asserts that the shackles were intentionally left unlocked in order to inflict pain.

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying Defendant's motion. Thus, it will be construed as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing is sufficient to place the parties on notice that summary judgment might be entered).

**Summary Judgment**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).

...
...
...
...

Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**FTCA**

The FTCA provides a remedy in damages for the simple negligence of employees of the United States. See United States v. Muniz, 374 U.S. 150, 150 (1963). Under the FTCA, sovereign immunity is waived against persons suing the federal government for

the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).

A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961). The only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d). Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim.[3] See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).[4]

It is well-settled that a federal district court addressing an FTCA action must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443

---

3. Since the only relief available under the FTCA is for compensatory damages, the requests for injunctive relief set forth in the Amended Complaint will be dismissed without prejudice.

4. Specifically, 28 U.S.C § 2675(b) provides:
> Action under this section shall not be instituted for any sum in excess of the claim presented to the federal agency, except where the increased amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

5

(M.D. Pa. 1987). However, in cases such as this which involve federal prisoners, it has been recognized that the government's duty of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443. The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the state in which the alleged tortious conduct occurred. Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987). Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. Baum v. United States, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982).[5]

**Discretionary Function Exception**

Defendant asserts that upon being informed by Lieutenant Ordonez that he would be receiving a cell mate, Ruiz became disruptive, refused to submit to hand restraints, and threatened to kill any staff member who attempted to place another inmate into his cell as well as any proposed cell mate. See Doc. 16-1, Exhibit 2, p. 83.

The initial summary judgment argument contends that Plaintiff's claims that prison officials tried to force him to accept a gang member as a cell mater and later assigned him a cell mate who was HIV positive are barred by the FTCA's discretionary function exception. See Doc. 16, p. 12.

---

5.   Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury. Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

As previously discussed, a plaintiff presenting an FTCA claim, must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) the negligent breach was the proximate cause of the plaintiff's injury/loss. The United States is only liable under the FTCA for conduct by government employees while acting within their scope of employment. Matsko v. United States, 372 F.3d 556, 559 (3d Cir. 2004). 18 U.S.C. § 4042 imposes a general duty of care on the BOP to safeguard its prisoners. However, the regulation does not dictate the manner by which that duty is to be fulfilled. See Cohen v. United States, 151 F.3d 1338,1343 (11th Cir. 1998). Hence, the BOP has the ability to exercise its judgment on how its duty under § 4042 is to be fulfilled.

A significant limitation on FTCA claims is imposed by 28 U.S.C. § 2680(a), which provides that liability may not be premised on a claim against a government employee which is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty."

"Conduct is not discretionary unless it involves an element of judgment or choice.' Koch v. United States, 814 F. Supp. 1221, 1227 (M.D. Pa. 1993). In Berkovitz v. United States, 486 U.S. 531 (1988), the United States Supreme Court adopted a two part inquiry with respect to § 2680(a). First, a court must decide if "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." Id. at 536. If so, "the employee has no rightful option but to adhere to the directive." Id. Federal employees such as correctional officers employed by the Bureau of Prisons simply "do not have discretion to

7

violate mandatory requirements" or constitutional rights.  Koch, 814 F. Supp. at 1228.

With respect to the first prong, while the BOP imposes a duty upon its employees to use reasonable care and ordinary diligence to protect the safety of inmates, there is no indication that there was a specific federal statute or regulation or policy which required the BOP to take a particular course of action to ensure that Plaintiff was not housed with a gang member.  See Donaldson v. United States, 281 Fed. Appx. 75 (3d Cir. 2008).  The "BOP retains sufficient discretion in the means it may use to fulfill" its duty of protecting prisoners from being assaulted by other inmates.  Id. at 77.

There have been no facts presented which would support a claim that Plaintiff should not have been assigned a cell mate while at USP-Lewisburg.  It has not been suggested that either of the two cell mates at issue had any prior history with Ruiz or were listed as separtees from one another.  The assignment of cell mates clearly is a discretionary decision.  As such, such decision making falls within the discretionary function exception.

**Favorable Termination**

The Defendant asserts that as a result of the June 28, 2012 incident Plaintiff was issued a misconduct for threatening bodily harm to another and refusing an order of a staff member and placed in ambulatory restraints.  Ruiz was found guilty of the disciplinary charge following an institutional hearing and received sanctions including loss of good conduct time.  A copy of the

disciplinary hearing report has been submitted by the Defendant. See Doc. 16-1, pp. 57-58.

Defendant argues that until the results of that disciplinary proceedings have been invalidated or overturned via a grant of federal habeas corpus relief, his claim for monetary damages with respect to his allegations relating to the incident are barred under Heck v. Humphrey, 512 U.S. 477 (1994). See Doc. 16, p. 19.

Inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646.

In Heck, the Supreme Court ruled that a cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

It has been recognized that the principles of Heck apply to FTCA claims. See Butcher v. United States, No. 06-CV-2243, 2007 WL 2207902, *3 (M.D. Pa. July 30, 2007)(Conner, J.)("claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor

would imply the validity of a conviction"). Heck has also been deemed applicable to a claim that a sentence was improperly increased by correctional officials. See Sharp v. Lavan, No. 02-4535, (3d Cir. June 19, 2003)(Table). Moreover, "plaintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's disciplinary conviction." Hinton v. United States, 91 Fed. Appx. 491, 2004 WL 540473 *1 (6th Cir. 2003).

This Court agrees that some Plaintiff's claims relating to an incident which occurred on June 28, 2012 and led to the filing of institutional disciplinary charges which resulted in a loss of good time credits clearly attack the length of his federal sentence. This Court also recognizes that there are circumstances where consideration of intentional tort claims would not implicate Heck.

Accepting the Plaintiff's version of the facts with respect to the June 28, 2012 events would require findings by this Court that Ruiz was the victim of an intentional tort on that date with respect to his placement in ambulatory restraints and the force exercised in that pursuit and should not be held responsible for the actions underlying the misconduct charge and ergo that there was no legitimate purpose behind the decision to employ ambulatory restraints.

However, disposition of Ruiz's pending tort allegations of denial of medical care because the restraints were too tight, and deprivation of food and water while in restraints do not call into question the lawfulness of the misconduct charges and therefore are not clearly precluded under Heck.

10

The claims directly related to the decision to use ambulatory restraints and the use of force in applying those restraints, if proven, would undermine the validity of the disciplinary proceedings. Under Heck those pending claims must be initially raised via properly filed habeas corpus petitions. Consequently, those pending claims are clearly premature because Ruiz cannot maintain a cause of action for damages until the related misconduct charges have been rendered invalid via federal habeas corpus proceedings. In accordance with the mandates of Heck, the request for summary judgment will be granted only with respect to the claims related to the decision to use ambulatory restraints and use of force in applying the restraints.[6]

**Food and Water**

The Complaint also generally alleges that Ruiz was denied food and water while he was in ambulatory restraints. Plaintiff is presumably contending that those alleged deprivations were the result of negligence by prison officials.

Defendants argue that they are entitled to entry of summary judgment with respect to this claim because the undisputed record shows that food and water were available for Plaintiff's consumption during the 21 hour period of his placement in ambulatory restraints. See Doc. 16, p. 26. In support of its argument, the Defendant has submitted copies of health services restraint check and fifteen minute restraint forms which noted that during the 21 hour period at issue a toilet was available for

---

6. It is noted that the submitted videotape of the incident confirms that when the special response team arrived, Plaintiff agreed to be placed in hand restraints and no cell extraction was required.

11

Plaintiff's use and his consumption of food and liquids was available and adequate. It is also noted that Plaintiff's opposing brief does not specifically address this argument. See Doc. 16-1, pp. 106-118.

Prison officials clearly have a duty to provide prisoners with the basic necessities of life, such as food, water, clothing, shelter, sanitation, and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). Only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim. Warren v. Irvin, 985 F. Supp. 350 (W.D. N.Y. 1997); Williams v. Berge, 2002 WL 32350026 *2 (W.D. Wis. 2002); Moss v. Ward, 450 F. Supp. 591, 596 (W.D. N.Y. 1978)(deprivation of one meal may not be cruel and unusual punishment).

Given the short duration of Plaintiff's ambulatory restraint placement,[7] his failure to provide any factual detail regarding his vague claim of denial of food and water and the undisputed evidence submitted by Defendant that water and food were available to Ruiz during the period at issue, this Court agrees that Plaintiff has failed to set forth a sufficient negligent deprivation claim. The request for summary judgment will be granted.

**Medical Care**

Plaintiff asserts that he was denied adequate medical care after being placed in ambulatory restraints, Specifically, Ruiz contends that due to the tightness of the restraints, he suffered ankle and wrist lacerations, chest pain, had difficulty breathing

---

7. The undisputed evidence provided by the Defendant clearly establishes that Ruiz was in ambulatory restraints for 21 hours.

and fainted.  Despite those difficulties and his history of high blood pressure, Ruiz claims that he was not provided with medical treatment.

Defendant contends that entry of summary judgment with respect to this claim is appropriate because Ruiz "has failed to show that the Defendant did not provide ordinary care as a reasonable prudent person would exercise in the same or similar circumstances."  Doc. 16, p. 28.

In support of its argument, the Defendant has submitted a videotape (Doc. 14) which shows that after being placed in the restraints on June 28, 2012, a member of the prison's medical staff conducted an assessment of the Plaintiff and concluded that the restraints were not impacting the inmate's breathing or circulation.  Thereafter, the Defendant has provided institutional records showing that Plaintiff's restraints were checked every fifteen minutes and the prison health services staff visited Plaintiff at least twice during each eight hour shift to check his restraints and vital signs.  During those visits the Plaintiff voiced no complaints and his vital signs were normal, he was mobile at times, and his breathing was normal and there were no evidence that he suffered any lacerations.

Prison officials are required "to provide basic medical treatment to those whom it has incarcerated."  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to present a prima facie case of medical malpractice/negligence under Pennsylvania state law, a plaintiff has the burden of presenting expert testimony by an appropriate licensed professional who can testify to a reasonable degree of

13

medical certainty that the actions or omissions of the defendant deviated from acceptable medical standards, and that said deviation constituted a substantial factor in causing the Plaintiff's injury. Simpson v. Bureau of Prisons, 2005 WL 2387631 *5 (M.D. Pa. Sept. 28, 2005)(Vanaskie, C.J.).[8]

Based upon a review of the undisputed, Ruiz was provided with timely medical checks throughout the relevant period. Thus, there is no factual support for a claim that medical care was denied.

Moreover, Pennsylvania Rule of Civil Procedure 1042.3 requires a person who brings a claim of medical malpractice /negligence to file an appropriate certificate of merit either with the complaint or within sixty (60) days thereafter. The Rule 1042.3 certificate must certify that either: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the conduct which is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm; (2) the claim of deviation by defendant from an acceptable professional standard is based solely upon allegations that other licensed professionals for whom defendant is responsible deviated from an acceptable

---

8. The only exception to this rule is where the matter "is so simple and the lack of skill or want of care is so obvious as to be within the range of ordinary experience and comprehension of even nonprofessional persons." Berman v. United States, 205 F. Supp.2d 362, 264 (M.D. Pa. 2002) (citing Brannan v. Lankenau Hospital, 490 Pa. 588 (1980). However, the instances when expert opinions may be unnecessary are rare. See Simpson, 2005 WL *6; Arrington v. Inch, 2006 WL 860961 *7 (M.D. Pa. March 30, 2006) (Conner, J.).

professional standard; (3) expert testimony of an appropriate licensed professional is unnecessary.

Courts within this circuit have recognized that Rule 1042.3 is substantive law and should be applied by federal courts sitting in diversity. Schwalm v. Allstate Boliler & Construction, 2005 WL 1322740 *1 (M.D. Pa. May 17, 2005)(Caputo, J.); Scaramuzza v. Sciolla, 345 F. Supp.2d 508, 509-10 (E.D. Pa. 2004). It has also been held that a Plaintiff pursuing an FTCA claim must comply with Pennsylvania substantive law. Arrington, 2006 WL 860961 at *7. In addition, Plaintiff's incarceration or pro se status is not a viable basis upon which to excuse compliance with Rule 1042.3 or the requirement of coming forth with expert medical testimony. See Perez v. Griffin, 2008 WL 2383072 *3 (M.D. Pa. June 9, 2008)(Rule 1042.3 applies to incarcerated and pro se plaintiffs and constitutes a rule of substantive state law to which plaintiffs in federal court must comply).

Ruiz has not identified any medical expert or submitted a report from any medical expert. In order to state a prima facie case of negligence under the FTCA, it is the conclusion of this Court that Ruiz must come forward with expert testimony to support his claim that the treatment and health care decisions afforded to him following the June 28, 2012 incident by the USP-Lewisburg medical staff deviated from acceptable medical standards, and to show that the deviation was the proximate cause of any injuries.

Since the undisputed record shows that Ruiz was provided with timely medical checks throughout the relevant period and his failure to present any valid reason as to why an expert witness is not required or show that he has retained an expert witness, it is

appropriate for this Court to grant summary judgment with respect to the claim of inadequate medical care. See Osorio v. United States, 2007 WL 2008498 *2 (W.D. Pa. July 5, 2007); see also Henderson v. Pollack, 2008 WL 282372 *4 (M.D. Pa. Jan 31, 2008)(Caldwell, J.)(citing Hartman v. Low Security Correctional Institution, Allenwood, 2005 WL 1259950 *3 (M.D. Pa. May 27, 2005)(Muir, J.). For the reasons set forth herein, Defendant's motion for summary judgment will be granted. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: MARCH 23, 2016

3-23-16